UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61690-CIV-ZLOCH

DARRIN COHEN, on his behalf
and others similarly situated,

      Plaintiff,

vs.                                        **O R D E R**

ALLIED STEEL BUILDINGS, INC.,
a Florida Corporation, and
MICHAEL LASSNER, an individual

      Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Darrin Cohen's Motion For An Order Permitting Court Supervised Notice To Employees Of Their Opt-In Rights (DE 30).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The above-styled cause is brought pursuant to the Fair Labor Standards Act, 28 U.S.C. §§ 201 et seq., (hereinafter "FLSA"), by Plaintiff to collect overtime wages he alleges Defendants failed to pay him.  The FLSA was enacted by Congress for remedial and humanitarian purposes.  See e.g., Tenn. Coal, Iron, & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597-98 (1944).  One remedial procedure of the FLSA designed to protect the rights of workers is the ability of the district court to authorize other similarly situated employees to opt-in and join the plaintiff in prosecuting their rights under the FLSA.  29 U.S.C. § 216(b) (2006).  This provision of the FLSA is meant to facilitate intervention by other similarly situated employees, thereby avoiding duplicative actions and conserving judicial resources.

Plaintiff filed the instant Motion (DE 30) petitioning the Court to permit and supervise notice to all current and former inside sales representatives employed nationally by Defendants who allegedly did not receive proper compensation under the FLSA. Defendants oppose the instant Motion on various legal and factual grounds.

In furtherance of the FLSA's opt-in provision, a United States District Court may order that notice be provided to potential members of the plaintiff class, as long as they are similarly situated with Plaintiff. Dybach v. Florida Dep't of Corrs., 942 F.2d 1562, 1567 (11th Cir. 1991). Prior to issuing such an order, the district court must determine if there are other employees of the defendant-employer who desire to "opt-in" and who are also "similarly situated." Id. at 1567-68. The Eleventh Circuit has further elaborated on this procedure suggesting that district courts adopt a two-tiered approach to their determination of whether others are "similarly situated." See Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

Under the two-tiered approach recommended in Hipp, the district court should apply a lenient standard of proof to its initial first-tier determination of whether other employees are "similarly situated." If that standard of proof is satisfied, the district court should grant "conditional certification" allowing notice and the opportunity to "opt-in." Id. at 1217-18 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)). After discovery is complete, the opposing party may file a motion for decertification. This requires the district court to

re-evaluate the "similarly situated" requirement and make a factual determination based on all the evidence in the record. Id. at 1218. This second-tier analysis is much more stringent than the first-tier analysis. See Hipp, 252 F.3d at 1218 (noting that its review of the case law reveals that "no representative class has ever survived the second stage of review"). For purposes of the instant Motion (DE 30), the Court adopts the two-tiered approach suggested by the Eleventh Circuit in Hipp, 252 F.3d 1208, 1219 (11th Cir. 2001).

The burden of establishing whether other employees are similarly situated to a plaintiff is very low. Plaintiff, through the pleadings and other evidence in the record, must establish that the putative "opt-in" employees are "similarly situated" to him in their job descriptions and claims alleged. See Id. at 1217 (employees are similarly situated if their positions "are similar, not identical to the positions held by the putative class members") (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996)). "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits . . . ." Id. at 1219. In the instant Motion, Plaintiff offers the Declarations of Darrin Cohen and Michael O'Driscoll to establish said similarity. DE 30, Exs. C & D. Notwithstanding the dates worked, the Declarations are nearly identical. Further, the allegations are sparse and limited to their knowledge of Defendants' operations in Broward County. Other than the fact that they allege that others were not paid overtime wages, Plaintiffs fail to provide any

3

factual allegations as to how they are similarly situated with other employees through a description of their respective job duties and those done by others who were "inside sales" representatives.

The Court agrees with Defendant that the allegations contained in the Declarations and Plaintiff's Complaint fail to rise to even the lenient standard suggested in Hipp. See Hipp, 252 F.3d at 1217; see also Drybacj v. State of Fla. Dep't. of Corrs., 942 F.2d 1562 (11th Cir. 1991). As the Court in White v. Osmose, Inc. noted, "a plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions. Without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1314 (M.D. Fla. 2002). The Plaintiff's Declarations and instant Motion fail to detail even a cursory job description that would alert the Defendants and the Court as to the potential employees who may seek to "opt-in" to this action and how their joining this action would serve the interests of judicial economy. The Declarations merely state that time records were not kept for "inside sales" employees and that they were not paid overtime wages. These conclusory statements do not rise to the level contemplated in Hipp. Defendants responded with Affidavits establishing the various job duties and job descriptions that sales people who work for Defendant Allied Steel have and the difficulty the Court would have

in determining whether certain employees are similarly situated to Plaintiff and O'Driscoll. While such an argument is usually raised under the second tier analysis, its factual specificity highlights the cursory and inadequate allegations that Plaintiff has made to support a proposed class. As noted in <u>Brooks v. Rainaldi Plumbing, Inc.</u>, the initial burden for certification is low, but "it is not invisible." 2006 WL 3544737, *2 (M.D. Fla. 2007).

Further, Plaintiff has not satisfied even the most basic standard of allegations sufficient to support court-ordered notice, let alone one that would extend beyond the two-year statute of limitations. 29 U.S.C. § 255(a) (2006). To show a willful violation of the FLSA Plaintiff must show "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 130 (1988) (quotation omitted) (emphasis removed). The only reference to any allegedly willful violations of the FLSA by Defendants is a conclusory allegation of willfulness in the Complaint absent any facts to substantiate the same, <u>see</u> DE 1, p. 3, and a footnote in the instant Motion that informs the Court that Plaintiff will use the three-year statute of limitations in providing notice. <u>See</u> DE 30, p. 2 n.1. Plaintiff has not alleged that Defendants knew the FLSA applied to their salesmen, nor that they stayed willfully ignorant of its application to their employees. <u>See</u> <u>McLaughlin</u>, 486 U.S. 133-34; <u>see also</u> <u>Brennan v. General Motors Acceptance Corp.</u>, 482 F.2d 825, 828 (5th Cir. 1975) (noting that a corporate defendant can have constructive knowledge

of the FLSA as demonstrated through its management's behavior).[1]

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Darrin Cohen's Motion For An Order Permitting Court Supervised Notice To Employees Of Their Opt-In Rights (DE 30) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___28th___ day of March, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

---

[1] In <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.